## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DONALD WAYNE SHOTO                                           PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 3:04cv932WHB-AGN

JOHN HAROLD and EDWARD THOMPSON                              DEFENDANTS

MEMORANDUM OPINION

On November 16, 2004, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C.

§ 1983 and requested in forma pauperis status. On November 16, 2004, this Court entered two

orders in the instant action.  One order [2-1] advised the plaintiff about the Prison Litigation

Reform Act and directed the plaintiff to sign and return to this Court an Acknowledgment of

Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of

Voluntary Dismissal (Form PSP-4), if he did now wish to continue with this lawsuit, within

thirty days. The plaintiff failed to respond or comply with this order. The second order [3-1]

entered on November 16, 2004, directed the plaintiff to file a completed application to proceed in

forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized

Officer" of prison accounts or to file an affidavit specifically stating the name of the prison

official contacted concerning the Certificate and why this information is not provided to this

Court. The plaintiff failed to respond or comply with this order.

On January 14, 2005, the plaintiff was ordered [6-1] to show cause in writing, within

fifteen days, why this case should not be dismissed for his failure to comply with this Court's

November 16, 2004 orders. The plaintiff was warned in the January 14, 2005 order that if he did

not comply with the Court orders his case would be dismissed without prejudice and without

further notice to him.

The plaintiff was warned in a notice of assignment from the Clerk and all three of the above mentioned court orders, that his failure to keep this Court advised of his current address could result in the dismissal of this action.  These orders were mailed to the plaintiff's last known address.   The envelopes containing each of the above mentioned orders were returned by the postal service as undeliverable.  The plaintiff has failed to provide a current address to the Court.

The plaintiff has failed to comply with three court orders.  In addition, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide the Court with a current address.  It is apparent from the plaintiff's failure to communicate with this Court that he lacks  interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of

plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 25th day of February, 2005.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE